IN THE STAFFORD STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

LARGENT, TROY T. AND HELLEN R.

Debtors.

Case No. 11-11837-TMW
(Chapter 7)

## MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES BY PRIVATE SALE, WITH BRIEF IN SUPPORT

Joel C. Hall, Trustee ("Trustee"), files this *Motion for Authority to Sell Property of the Estate Free and Clear of Liens and Other Interests by Private Sale with Brief in Support* pursuant to 11 U.S.C. §§ 102(a)(A), (B)(ii), 105(a), 363(f), and F. R. Bankr. P. 2002, 6004, 9013, 9014 and Local Rules 9013 and 9014 (the "*Motion*"). In support, the Trustee states as follows:

**A.     Jurisdiction**

1.     The Court has jurisdiction to consider this *Motion* pursuant to 28 U.S.C. § 1334.

2.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.     Relevant facts**

4.     On April 7, 2011, Troy T. and Helen R. Largent ("Debtors") filed a voluntary petition for relief under Chapter 7 of the Stafford States Bankruptcy Code (the "Bankruptcy Estate").

5.     All Debtor's legal and equitable interests in property described below (collectively the "Property") constitute property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541:

Contract for Deed concerning Lots 26, 41 and 42 of the Old Farm Estates, Tecumseh, Oklahoma, Pottawatomie, County, Oklahoma  (the "Property")

6.      Jerry Stafford, 25019 Brandy Lane, Tecumseh, Oklahoma 74873 ("STAFFORD") desires to purchase the Property.  Mr. Stafford is the Buyer of the real property under the Contract for Deed above described.

7.      The Trustee entered into arms-length negotiations with STAFFORD with respect to the sale of the Property.  The result of the proposed sell will be for the Trustee to execute a Trustee's Deed and Bill of Sale in favor of Mr. Stafford and/or his designee to the real property described in the Contract for Deed.

8.      STAFFORD has offered to the Trustee on behalf of the Estate to pay $7,500.00 cash for the purchase of the Property.  The sale shall also be free and clear of all liens, claims, encumbrances and other interests.  STAFFORD will pay to the Trustee $3,750.00 in a lump sum payment within 2 weeks from the entry of the Order granting the relief requested herein and shall pay the balance at $600.00 per month until paid in full.

9.      The Trustee believes that the sale of the Property to STAFFORD on the above terms is in the best interests of creditors based upon his sound business judgment.  This is especially true as the Contract for Deed extends for over three (3) years.

10.      Pursuant to 11 U.S.C. § 363(f) the Trustee may sell the Property, other than in the ordinary course of business, free and clear of any and all liens, claims or encumbrances.  The Trustee seeks authority to sell the Bankruptcy Estate's interest in the Property pursuant to section 363(f) and the interest of any co-owner in the Property, where applicable, pursuant to section 363(h).  In the event that such Property is jointly owned, partition of the Property is impracticable and a sale of the above-captioned bankruptcy estate's undivided interest, where

2

applicable, will cause a diminished sale return.  The benefit to the estate outweighs any prejudice to co-owners.

11.    Under the circumstances, a private sale will maximize the value of the Property for the benefit of the Bankruptcy Estate.

## C.    The Court should approve the above-described private sale of the Property to STAFFORD.

Although § 363 does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or lease of assets, courts generally require that it be based upon the sound business judgment of the trustee.  *See*, *Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F.2d 1063 (2nd Cir.1983); *In re Murphy*, 288 B.R. 1, 5 (D.Me. 2002).

Further, where a trustee proposes to sell estate assets, the trustee's business judgment is subject to great judicial deference, and should be approved unless it is shown that trustee acted in an irrational, arbitrary, or capricious manner.  *In re Murphy* at 5.  Some of the factors to be considered by the Court in approving a sale under § 363 include whether a reasonable business purpose exists for the sale, whether there has been accurate and reasonable notice, whether the price is fair and reasonable and whether insiders are benefiting from the sale.

In the case at bar, the Property consists of older Property which requires repair to prepare for public sale.  It is not economically feasible to advertise or delay sale of the Property.  Thus, the Court should approve the above described private sale of the Property.

**D.**    **The Court should authorize the private sale of the Property to be free and clear of all liens, claims and encumbrances.**

Pursuant to § 363(f):

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
>
> **(1)** applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> **(2)** such entity consents;
>
> **(3)** such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> **(4)** such interest is in bona fide dispute; or
>
> **(5)** such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Court may approve a sale "free and clear" provided that at least one of § 363(f)'s subsections is met. Finally, F. R. Bankr. P. 6004(f)(1) permits sales outside the ordinary course of business to be made by either public or private sale. In the instant case, to the extent that any other person or entity may have an interest in the Property, the Trustee requests that the Property be sold free and clear of such interest.

**E.**    **Relief requested**

In light of the above, the Trustee prays for an Order of the Court (i) authorizing him to sell the Property free and clear of all liens, claims and encumbrances, (ii) by private sale to Jerry Stafford or his designee for the sum of $7,500.00 as described herein, (iii) waiving the fourteen (14) day stay of F. R. Bankr. P. 6004(g) and (iv) granting such further relief as the Court deems just and equitable.

Respectfully submitted,

4

s/Joel C. Hall
Joel C. Hall (OBA #13643)
MULINIX OGDEN HALL & LUDLAM, P.L.L.C.
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, Oklahoma  73102
(405) 232-3800

ATTORNEYS FOR THE TRUSTEE

## <u>CERTIFICATE OF MAILING</u>

      I hereby certify that on the 10th day of June, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Alexander E. Hilton, II

      Further, I hereby certify that on the 10th day of June, 2011, I served the attached document by first class U.S. mail, postage prepaid on the following who are not registered participants of the ECF System:

See attached matrix

                                   s/Joel Hall
                                   Joel C. Hall

Amex
Po Box 297871
Fort Lauderdale FL 33329-7871

Banc First
PO Box 1608
Shawnee OK 74802-1608

Bancfirst
Po Box 26788
Oklahoma City OK 73126-0788

Bank Of America
Po Box 1598
Norfolk VA 23501-1598

Cap One
Po Box 85520
Richmond VA 23285-5520

Chase
Po Box 15298
Wilmington DE 19850-5298

Citi
Po Box 6241
Sioux Falls SD 57117-6241

Credit One Bank
Po Box 98875
Las Vegas NV 89193-8875

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH  43054-3025

Discover Fin Svcs Llc
Po Box 15316
Wilmington DE 19850-5316

Fnb Omaha
Po Box 3412
Omaha NE 68103-0412

Fst Usa Bk B
Po Box 8650
Wilmington DE 19899-8650

Gemb/Wmtdc
Po Box 981416
El Paso TX 79998-1416

Hellen R Largent
607 West Rose Drive
Tecumseh, OK 74873-1306

Midland Credit Mgmt
8875 Aero Dr
San Diego CA 92123-2251

Sears/Cbsd
Po Box 6189
Sioux Falls SD 57117-6189

Sears/Citi
8725 W. Sahara Ave  Mc 02/02/03
The Lakes NV 89163-0001

Troy T Largent
607 West Rose Drive
Tecumseh, OK 74873-1306

Wffnb/Lb
Po Box 182121
Columbus OH 43218-2121

Wfnnb/Gordmans
Po Box 2974
Shawnee Mission KS 66201-1374